# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-4178
Lower Tribunal No. 2022CP-000099-XX

_____

In the Interest of C.I.S., a child.

DEPARTMENT OF CHILDREN AND FAMILIES and STATEWIDE GUARDIAN AD LITEM OFFICE ,

Appellants,

v.

L.D.,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Torea Spohr, Judge.

June 26, 2024

LAMBERT, B.D., Associate Judge.

The Department of Children and Families ("DCF") and the Statewide Guardian ad Litem Office ("GAL") appeal the trial court's sua sponte dismissal of DCF's amended expedited petition for the involuntary termination of the parental rights of the father, L.D., ("Father") regarding the minor child, C.I.S. ("Child"). We reverse.

# I.

Child is now two years old. At the time of her birth, Child and her mother tested positive for amphetamines and THC. Three days later, DCF petitioned to shelter Child, which the court granted; and she has been sheltered with non-relative foster parents, with whom she has resided. Shortly thereafter, DCF filed a petition to terminate the mother's parental rights. Father, who was not married to the mother, initially denied paternity of Child. A subsequent DNA test proved otherwise, and Father was adjudicated to be the legal father of Child. Approximately four-and-one-half months after Child was born, DCF amended its petition to also seek the expedited termination of Father's parental rights to Child. During the course of the litigation, the mother executed a surrender and consent to the termination of her parental rights; and she no longer actively participated in the case.

To terminate Father's parental rights to Child, DCF had to prove the following three elements by clear and convincing evidence: (1) a statutory ground for termination, (2) that Child's manifest best interest would be served by the termination, and (3) that the termination of Father's parental rights would be the least restrictive means of protecting Child from serious harm. *See Dep't of Child. & Fams. v. S.S.L.*, 352 So. 3d 521, 523–24 (Fla. 5th DCA 2022) (citing §§ 39.806(1), 39.810, Fla. Stat. (2021); *Padgett v. Dep't of HRS*, 577 So. 2d 565, 571 (Fla. 1991)). The statutory grounds asserted by DCF for termination of Father's parental rights to

Child were:  (1) section 39.806(1)(c) (parent engaged in conduct toward the child demonstrating that the continuing involvement of the parent in the parent-child relationship threatens the life, safety, well-being, or physical, mental, or emotional health of the child irrespective of the provision of services); (2) section 39.806(1)(d)3. (continuing the parental relationship with the incarcerated parent would be harmful to the child and, for this reason, the termination of the rights of the incarcerated parent is in the best interest of the child); and (3) section 39.806(1)(*l*) (on three or more occasions the child or another child of the parent or parents had been placed in out-of-home care pursuant to this chapter or to a substantially similar law of any state, territory, or jurisdiction of the United States, and the conditions that led to the out-of-home placement were caused by the parent or parents).

## II.

The case proceeded to a final adjudicatory hearing.  DCF presented evidence at this hearing showing that other than for approximately the first two months of Child's life, Father had been incarcerated and that from 1989 to the October 2023 adjudicatory hearing, Father had been incarcerated multiple times, accounting for over 25% of his adult life.  Father was also incarcerated at the time of the hearing, with his scheduled release date from prison not being for several months.

The evidence also showed that Father's parental rights to two other children that he previously had with the mother had been terminated and that he had been

3

noncompliant with the case plans offered by DCF in those cases. DCF presented evidence that Father did not provide for Child, nor had he inquired about Child's welfare. GAL testified that it was in Child's manifest best interest for Father's parental rights to be terminated.

After DCF and GAL concluded with its evidence, Father did not move for dismissal.[1] Instead, Father testified as his first witness in opposition to DCF's amended petition. Upon Father completing his testimony, the trial court abruptly announced, sua sponte, that it was entering judgment of dismissal in favor of Father. The court expressed its frustration with a purported delay in having home studies completed of Child's biological family members; and, though it expressed concerns about Father's criminal history and the likelihood that he would "relapse into [criminal] behavior" and be sent back to jail, the court suggested that a way needed to be found so that Child could be placed with "some people that are going to let [Father] visit."

In the subsequent written final judgment of dismissal now on appeal, the trial court specifically found that DCF had not made reasonable efforts to reunify Father with Child and that the delay in attempting to place Child with relatives had caused

---

[1] *See* Fla. R. Juv. P. 8.525(h) (providing that a parent may move for a judgment of dismissal after the close of the petitioner's evidence and the trial court shall enter an order denying the termination if the evidence is insufficient to sustain the grounds for termination alleged in the petition).

Child to not be able to "meet her siblings." Following an unsuccessful motion for rehearing, this appeal ensued.

III.

DCF and GAL argue here that the trial court reversibly erred in sua sponte dismissing DCF's amended petition while evidence was still being presented. They also argue that based on the grounds for termination alleged by DCF, there was no requirement under the plain language of the applicable statute that DCF make efforts to reunify Father and Child prior to seeking to terminate his parental rights. We agree with both arguments.

Substantively, section 39.806(2), Florida Statutes, provides that "[r]easonable efforts to preserve and reunify families are not required if a court of competent jurisdiction has determined that any of the events described in paragraphs (1)(b)–(d) or paragraphs (1)(f)–(m) have occurred." Here, each of the grounds upon which DCF sought to terminate Father's parental rights fell within these subparagraphs of section 39.806(1), meaning that under section 39.806(2), DCF was not required to take steps to reunify Father with Child as a predicate to termination of Father's parental rights. The trial court's dismissal for DCF's failure to make sufficient efforts to reunify Father and Child was erroneous as a matter of law.

We also conclude that, from a procedural standpoint, the trial court's sua sponte dismissal of DCF's amended petition was premature. Florida Rule of

5

Juvenile Procedure 8.525(j)(3) provides that the court shall dismiss the petition if after the presentation of all of the evidence, the allegations in the petition do not establish grounds for dependency or termination of parental rights.[2] Simply stated, the trial court's dismissal during Father's defense to the amended petition necessarily occurred prior to all of the evidence having been presented and effectively precluded DCF and GAL from presenting evidence to rebut Father's testimony and other evidence.

Accordingly, we reverse the final judgment of dismissal. Due to the time that has elapsed since the adjudicatory hearing, we remand with directions that a new adjudicatory hearing be promptly held.

REVERSED and REMANDED, with directions.

STARGEL and BROWNLEE, JJ., concur.

Stephanie C. Zimmerman, Deputy Director & Statewide Director of Appeals, and Meredith K. Hall, Appellate Counsel, of Children's Legal Services, Bradenton, for Appellant, Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Caitlin E. Burke, Senior Attorney, Appellate Division, of Statewide Guardian ad Litem Office, Tallahassee, for Appellant, Statewide Guardian ad Litem.

No Appearance for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[2] The final judgment of dismissal did, however, separately adjudicate Child to be dependent.